# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEISY ANTONIA VEGA <br> 1015 Hamlin St. NE <br> Washington, D.C. 20017 <br><br> PLAINTIFF, <br><br> v. <br><br> THAI CHILI, INC. <br> 701 7th St. NW <br> Washington, D.C. 20001 <br><br> Serve: D.C. Registered Agent Inc. <br> 1120 20th St. NW, S-300-RLK <br> Washington, D.C. 20036 <br><br> NEIYANA CHOTIKUL <br> 6081 O'Day Dr. <br> Centreville, VA 20120 <br><br> DEFENDANTS. | * <br> * <br> * <br> * <br> * <br> * <br> * Case No.: <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## COMPLAINT

Plaintiff Neisy Antonia Vega ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants Thai Chili, Inc. ("Thai Chili") and Neiyana Chotikul ("Chotikul" collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of Washington D.C. By participating as a named plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA.

2. Thai Chili is a corporation formed under the laws of Washington D.C. and does

business in the District of Columbia.

3. Chotikul owns and operates Thai Chili.

4. Plaintiff was employed by Defendants to work on the kitchen. Plaintiff worked in the District of Columbia cooking.

5. On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, and otherwise worked on goods and materials (namely cooking supplies and other related items) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

7. Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employers" for purposes of the FLSA and DCMWA.

8. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

9. Defendants are subject to the DCMWA because Plaintiff has spent more than 50% of her time working in the District of Columbia.

# FACTS

10. Chotikul owned and operated Thai Chili throughout Plaintiff's employment. Throughout Plaintiff's employment, Chotikul:

   a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

   b. Had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality;

   c. Set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule;

   d. Set and determined or had the power to set and determine Plaintiff's rate and method of pay; and

   e. Controlled, and was in charge of, Thai Chili's day-to-day operations.

11. Neisy Antonia Vega worked for Defendants from roughly August 8, 2011 until February 7, 2017. Defendants paid Neisy Antonia Vega between $680.00 and $900.00 every fifteen (15) days, regardless of the hours worked over forty (40).

12. Defendants would pay Plaintiff a salary but attempt to disguise it as if they were paying her by the hour. Defendants paid Plaintiff every fifteen (15) days. Defendants' paystubs appear to show a regular hourly rate for the first eighty (80) hours worked and an overtime rate for ten (10) hours per paycheck. In reality Plaintiff worked roughly 117 hours bimonthly. Defendants' records were deliberately falsified.

13. Additionally, from July 1, 2016 until February 7, 2017, Plaintiff's "Regular Rate" fell below the D.C. minimum wage.

14. From August 8, 2011 until April 5, 2016, Plaintiff worked more than 40 hours per week virtually every week.

15. Plaintiff's primary work duties did not qualify for any exemption under the FLSA and DCMWA.

16. Defendants failed to pay Plaintiff at one-and-one-half times (1.5x) her regular rate for hours worked over forty.

17. Defendants' failure and refusal to pay Plaintiff minimum wage and overtime pay, as required by the FLSA and DCMWA, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

18. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

19. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

20. At all times, Plaintiff was an "employee" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" under § 207(a)(2) of the FLSA.

21. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

22. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week of her employment.

23. As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half (1.5x) her regular rate for all overtime hours she worked.

4

24. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

25. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

26. Plaintiff was Defendants' "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

27. Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

28. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours during Plaintiff's employment.

29. As set forth above, Defendants failed and refused to pay Plaintiff time-and-one-half (1.5x) her regular rate for all the overtime hours she worked.

30. Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and

5

further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wage)

31. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

32. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at an hourly rate in compliance with the D.C. minimum wage requirement set forth in the DCMWA.

33. As set forth above, from July 1, 2016 until February 7, 2017, Defendants failed to pay Plaintiff at an hourly rate that complies with the D.C. minimum wage requirement.

34. At all times during Plaintiff's employment, Defendants has actual knowledge of the D.C. minimum wage requirement and had actual knowledge that the rate and method by which Defendants paid Plaintiff between July 1, 2016 until February 7, 2017 was in direct violation of the requirement.

35. Defendants' failure to pay Plaintiff a minimum wage was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count III for the difference between the wages paid to Plaintiff and the minimum wages required by the DCMWA in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

/s/ Michael K. Amster
Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiff*